ARKANSAS STATE HIGHWAY COMMISSION *v.* WISEMAN, COMMISSIONER.

4-4394

Opinion delivered June 15, 1936.

*Neill Bohlinger,* for appellant.

*Carl E. Bailey,* Attorney General, and *Thomas Fitzhugh,* Assistant, for appellee.

BAKER, J. The appellant filed its complaint in the Pulaski Chancery Court to enjoin the appellee from collecting a sales tax on commodities bought by the Highway Department. In the beginning, the purpose of the suit was to obtain credit for severance tax laid and collected upon these same commodities, but that phase of the suit has been abandoned by appellant upon the theory that Arkansas State Highway Commission is a branch or arm of the State government and that as such the tax should not be imposed for the reason the ultimate result is ''that of taking money from one pocket and putting it in another''

The Emergency Sales Tax Act No. 233 of the Acts of 1935 imposes the 2 per cent. tax on sales made, the exemptions from the act being set forth in sections 15 and 16, as follows:

''Section 15. Exemptions. There are hereby specifically exempted from the taxes levied in this act; (a.) Retail sales which are prohibited from taxes by the Constitution or laws of the United States of America or by the Constitution of this State. (b.) A portion of all retail sales on articles and/or commodities on which a State privilege tax or license is already collected. In this case the tax imposed in this act shall be an amount equal to whatever is the excess above the already imposed privilege tax or license. (c.) If the application of the tax provided in this act on the retail sale of any article or commodity is found to be unconstitutional it is specifically understood that the validity of this act shall be affected only as relates to said articles and will not affect the validity of the tax imposed on other articles in this act.

''All foods necessary to life, more specifically defined as follows: Flour, meat, lard, sugar, soda, baking powders, salt, meal, butter fats, eggs, and all medicines necessary for the preservation of public health, each of above to be exempt from the provisions of this act.

''Section 16. Deduction. A governmental agency may apply to the Commissioner for refund of the amount of tax levied and paid upon sales to it for food-stuffs

used for free distribution to the poor and needy or to public penal and eleemosynary institutions.''

It is conceded that there is no express exemption of the appellant or other agency of the State from the effect of the act, and it is also conceded that it is within the power of the State to impose the sales tax on such commodities as might be purchased by such agencies to the same extent and effect as upon any individual.

In determining the intent or will of the Legislature it will not be necessary to argue either of the foregoing propositions, as we agree that the tax may be imposed although one of the agencies of the State must pay the tax, and also if there be an exemption from payment of the tax such exemption must arise by interpretation and by reason of public policy.

The argument is highly persuasive that it was not the intention of the Legislature that the Highway Commission should pay sales taxes, as that organization is merely a State agency. *Arkansas State Highway Commission* v. *Nelson Bros.*, 191 Ark. 629, 87 S. W. (2d) 394. Therefore, the State is merely collecting a tax from itself for paying a tax to itself. Such was the holding of the Supreme Court of Missouri—that it is unnecessary and, therefore, not enforceable. *State* v. *Smith*, (Mo.) 90 S. W. (2d) 405.

The similarity of the Missouri case to the case under consideration is very striking. Both are emergency measures limited in duration, designed for the same kind of relief. If we may judge from the opinion there was nothing in the statute itself that required or impelled the court's conclusion that the agencies of the State would be exempt from the sales tax, but the court argued that the sales tax should not be treated as a component part of the purchase price, and, since the appropriation acts did not provide a fund to pay such taxes, it was necessarily implied that such agencies were exempt.

The Kentucky Supreme Court in a comparatively recent case held that the Welfare Department of the city of Covington was not subject to the payment of the tax because expressly excepted or exempted by the statute, but other sales to the municipalities except those so ex-

pressly exempted must pay the sales tax. *City of Covington* v. *State Tax Commission,* 257 Ky. 84, 77 S. W. (2d) 386. The logic of the Kentucky case is like that in the case of *Sparling* v. *Refunding Board,* 189 Ark. 189, 71 S. W. (2d) 182. We there said: "Therefore, it was the clear intent of the Legislature, when these various provisions are considered together, from the language used, to tax all motor vehicle fuel sold or used in this State, regardless of the purpose to which it is put."

Again another State agency, Pulaski County, felt aggrieved that the county's motor vehicles were not tagged free of charge or license tax by the State, and by suit sought to evade such tax. It was there argued, as in this case, that there was an implied exemption. But this court held that since there was no legislative exemption, there should not be any by judicial interpretation. *Blackwood* v. *Sibeck,* 180 Ark. 815, 23 S. W. (2d) 259.

It must be observed that if the matter were one of interpretation aided only by abstract principles of government, our court has followed the same lines of reasoning as actuated the Supreme Court of Kentucky, and these decisions had already been rendered when act No. 233 was approved.

Moreover, said act No. 233, in § 16, quoted above, indicated pretty clearly what was in the legislative mind. That is, all State agencies should pay sales taxes and only that most favored agency of the State, the one dispensing charity to the helpless, could secure a refund of the tax by it paid. Certainly, if any agency of the State could be deemed by interpretation exempt from the sales tax it must be that agency to which the taxes collected will be refunded. This is the only form of exemption not common to every one the act recognizes.

Let it be sufficient to say the act provides that certain articles or commodities may be sold free of tax. All other commodities are taxed and the tax, as regards the purchaser, is incorporated in the price of sale as much as the transportation charges or the dealer's profit. It is only more easily identified and necessarily is this true. There is no exempt class of purchasers. None was intended.

The debilitating and corrupting evils of special exemptions and "free service" have been avoided most scrupulously.

The decree is affirmed.