BENSBERG v. PARKER.

4-4342

Opinion delivered June 29, 1936.

Ed F. Saxon, H. G. Wade, Leibert W. Bower and G. R. Haynie, for appellants.

Thomas Gaughan, for appellees.

MEHAFFY, J. This action was instituted in the chancery court of Ouachita county by the appellees against the appellants and others to subject certain lots and parcels of land situated in Camden Paving District No. 3 to the payment of certain delinquent street improvement taxes levied and assessed against all property located within the district.

The appellants, G. J. Bensberg, W. E. Pryor, and Leonard Powell are trustees of the First Presbyterian Church, owners of property described as church property in the complaint. The trustees of the First Presbyterian Church filed answer admitting that they owned the property and held title to it for the use and benefit of the members of the First Presbyterian Church of Camden. They denied that the commissioners of the improvement district had any power or authority to include the church property, and denied that there was any power or authority of law to assess any benefits upon or against said property, and denied that there was any authority of law to assess or extend any improvement taxes, as set forth in the complaint.

The commissioners of the improvement district filed demurrer to answer of the trustees of the church. The court sustained the demurrer and entered a decree that the plaintiff should have and recover of and from the property of the defendants described in the complaint, the sum of $620 with interest and attorneys' fees, and all costs, and declared said judgment a lien on the property belonging to the church.

An appeal is prosecuted to this court to reverse the decree of the chancery court.

Our Constitution provides: "Provided, further, that the following property shall be exempt from taxation: Public property used exclusively for public purposes; churches used as such; cemeteries used exclusively as such; school buildings and apparatus; libraries and grounds used exclusively for school purposes; and buildings and grounds and materials used exclusively for public charity." Const., art. 16, § 5.

The established rule is that the constitutional exemption refers alone to taxes for general purposes of

revenue, and has no reference to special taxes or assessments for local improvements. *Board of Improvement v. School District,* 56 Ark. 354, 19 S. W. 969.

"It is the well-established rule that a constitutional or statutory exemption from taxation is to be taken as an exemption from ordinary taxes, for the general purposes of government—State, county, or municipal—and does not relieve those in whose favor such exemption exists from the obligation to pay special assessments for local improvements which are charged upon property on the theory that such property is specially benefited thereby." 25 R. C. L., § 40, page 124; Sloan on Improvement Districts, vol. 1, § 5.

Assessments in local improvement districts are based on the benefits to the land. The land must be benefited to the extent of the assessment. On no other theory can assessments be collected.

Appellants concede that the constitutional exemption does not exempt from special assessments in improvement districts, but they contend that the improvement district has no right to collect unless the statute specially authorizes the levy and assessment, and they cite and rely on the *Waterworks Imp. Dist. No. 2* v. *Logan County,* 155 Ark. 257, 244 S. W. 4. In that case the court was speaking of assessments against public property—court houses and jails—and not private property.

Appellants also cite the case of *Board of Improvement* v. *School District,* 56 Ark. 354, 19 S. W. 969. In that case the court said: "Some things are always presumptively exempted from the operation of general tax laws, because it is reasonable to suppose they were not within the intent of the Legislature in adopting them. Such is the case with property belonging to the State and its municipalities and which is held by them for governmental purposes. All such property is taxable, if the State shall see fit to tax it; but to levy a tax upon it would render necessary new taxes to meet the demand of this tax, and thus the public would be taxing itself in order to raise money to pay over to itself, and no one would be benefited but the officers employed whose compensation would go to increase the useless levy. It can-

not be supposed that the Legislature would ever purposely lay such a burden upon public property, and it is therefore a reasonable conclusion that, however general may be the enumeration of property for taxation, the property held by the State and by all its municipalities for governmental purposes was intended to be excluded, and the law will be administered as excluding it in fact.''

Property as described above is held by the State or municipalities for governmental purposes. It is supported by taxation. This is not true with reference to church property. It is privately owned, and, while exempt from general taxes, it is not exempt from special assessments. The assessments can only be collected on the theory that the benefit to the land is equal to or greater than the assessment.

Whatever division of authority there may be on this question, we think it is definitely settled by the opinion in the case of *Ahern* v. *Board of Imp. District No. 3 of Texarkana,* where the court said: ''The defendants contend that, in order to ascertain the majority in value of the property in the district, all the assessable property should have been included, and that all of said property was not included—for instance, the real property of churches, which they show to have been of the value of $2,800. Church property is exempt from general taxation, and therefore does not appear as valued on the county assessor's list. By a decided weight of authority, however, although exempt from general taxes, church property is liable for local improvement assessments. The contention of the defendants is therefore sustained, and in such case extraneous proof of value is properly made.'' *Ahern* v. *Board of Improvement Dist. No. 3 of Texarkana,* 69 Ark. 68, 61 S. W. 575.

In the case of *Martin* v. *Reynolds,* 125 Ark. 163, 188 S. W. 4, this court held that an act passed by the Legislature exempting church property in cities and towns was void because it did not exempt rural church property. Of course, if appellants' contention is correct, all the church property, both in cities and towns and the country, was exempt, and the court would have so held; but the Legislature passed the law assuming that it was

all subject to assessment, and exempted certain portions. The court said: "Thus there was an unjust and unequal discrimination between lands of the same class. In this respect the act is an arbitrary and manifest abuse of power."

We think this case is controlled by *Ahern* v. *Board of Improvement Dist. No. 3 of Texarkana, supra,* and the decree of the chancery court is, therefore, affirmed.