McCarroll, Commissioner of Revenues, *v.* Mitchell.

4-5568                                    129 S. W. 2d 611

Opinion delivered May 29, 1939.

436

*Frank Pace, Jr.,* and *J. F. Koone,* for appellant.

*Herm Northcutt* and *Walter L. Pope,* for appellee.

BAKER, J. This suit was filed in the Pulaski chancery court by the Director of State Highways and the State Highway Commission against Z. M. McCarroll, as the Commissioner of Revenues for the State of Arkansas. The substantial and pertinent parts of the complaint are to the effect that plaintiffs are engaged in the exercise of the powers and discharge of duties bestowed upon them by law in the maintenance, repair and construction of public highways and bridges of the state. For use in the performance of their duties they had purchased a railway tank car of motor fuel. The plaintiffs plead that it is the duty of the Commissioner of Revenues to collect the so-called gasoline tax of 6½ cents per gallon and that he has asked of the plaintiffs, the Director of Highways, and the Highway Commission, that they pay the 6½ cents per gallon tax and that upon their refusal, has assessed, or that he will assess a penalty of 20 per cent. and that the Commissioner of Revenues will follow up the remedies provided by law to collect the tax and impose the penalties fixed thereunder.

Plaintiffs plead that they are lawfully in possession of the said tank car of gasoline; that it is not to be sold or otherwise used than in the repair, maintenance and construction of highways and bridges in the state highway system; that it is not subject to the alleged tax of 6½ cents a gallon. They pray that the defendant be enjoined from the collection of the gasoline tax or taking any steps threatening or seeking to collect the same.

The Commissioner of Revenues filed a demurrer to this complaint which the court overruled, and, defendant refusing to plead further, decree was entered enjoining the appellant as Commissioner of Revenues from proceeding to collect any tax upon the railway tank car of gasoline.

The appeal challenges the correctness of the trial court's decree.

The appellees, aside from the statute imposing the tax, rely upon one Arkansas authority, the case of *Board of Improvement* v. *School District*, 56 Ark. 354, 19 S. W. 969, 16 L. R. A. 418, 35 Am. St. Rep. 108. In that case it is insisted that because the court held that school buildings were not liable for special improvement taxes, for the reason there is a presumption that public property is exempt from the special tax, should be controlling upon the issues presented, and reliance of the brief writer is also upon the announcement made by Cooley on Taxation, which is quoted as from vol. 2, (4th Edition), § 621. Without attempting to quote from the above excellent work, we content ourselves with the comment that although Mr. Cooley suggests that some things are always presumptively exempted from the burden of general tax laws, because it is reasonable to suppose it was not within the intent of the legislature to include state or municipal property as taxable property, such presumption is not controlling. He speaks, therefore, of the property as belonging to the state and municipality, held and used by them for public purposes, as presumptively exempt. One of the reasons suggested for this implied exemption is that the enforcement of such taxes would require a new levy to meet the demand of the

enforced tax in order to raise money to pay over to itself the tax levied and that no one would be benefited except officers employed whose compensation would increase the useless levy. The cogency of this subtle argument may be said to be fully met by the facts and conditions which have prevailed in the matter of the assessment, levy and collection of the so-called gasoline taxes under the several former acts of the legislature, culminating in the present act 11, of the Extraordinary Session of 1934. We cannot think it necessary to detail this legislative history.

We speak of this tax in this opinion as we do in ordinary or every-day language, but we think it must be understood generally, both by the lawmakers and the legal profession, that the tax had its origin, not as a sales tax upon the commodity, but as a tax upon the privilege and use of the highways, which privilege and use was measured by the amount of gasoline used in the exercise of that privilege and use so taxed. Such has been the holding of this court in some of its previous decisions. *Standard Oil Co.* v. *Brodie,* 153 Ark. 114, 239 S. W. 753.

In the cited case, the tax by act 606, §§ 1 and 3 of Acts of 1921 was a tax of 1 cent a gallon for fuel sold or used.

Section 25 of act 11 of the Acts of the Extraordinary Session of 1934 amends § 2, of act 63, of the General Assembly, approved February 25, 1931, and as to this act expressly states: ''The purpose of this act is to provide for the payment and collection of an excise or privilege tax on the first sale of motor vehicle fuels when sold, or the use, when used in this state; double taxation is not intended.''

A certain provision of the same section is: ''The tax herein levied is to be collected at the source in this state of the manufacturer or wholesaler when sales of any motor vehicle fuels are made, and when not sold in this state, then when first brought into this state for use therein.''

Section 27 of the said act is cited by the appellees as an indication or implication that it was not intended by

the legislature to impose a tax upon gasoline bought and used by the Highway Department. This section reads as follows: ''Nothing in this act or in any similar law on the subject shall be construed as intending to levy any tax on motor vehicle fuel that the state has no power to tax.''

Answering the suggestion as to the last-quoted section, we must say that we do not understand that this section provides the exemption claimed. Rather it looks to transportation in interstate commerce of gasoline or motor fuels shipped through the state which is not brought into the state to be sold here, nor for use in this state. Directly, there is no indication under this provision that gasoline used in this state may be exempted from the tax.

Section 25, just mentioned above, not only imposes the tax upon gasoline sold in the state, but the tax is there fixed upon gasoline used in the state. We cited *Standard Oil Co.* v. *Brodie,* 153 Ark. 114, 239 S. W. 753, and other cases as showing the basis and authority for the assessment and collection of special taxes imposed by the several legislative enactments, as license fees upon cars or so-called taxes upon gasoline gallonage.

This case does not call for any special analysis of those several authorities. They are sound in principle and the deductions are conclusive upon us.

We proceed, however, to discuss the application of some of these announcements of the law. In the case of *Blackwood* v. *Sibeck,* 180 Ark. 815, 23 S. W. 2d 259, exactly the same contentions were made therein as against the right of the state to impose license fees upon Pulaski county for the use of the improved streets and highways by its vehicles and trucks. There was therein cited the same case of *Board of Improvement* v. *School District, supra,* and also copied from Cooley on Taxation, in an earlier edition, a very similar, if not the exact declaration offered in this case to support appellee's position. It was contended there that as the county was one of the sub-divisions of the state, it was a public unit in the state and that it was exempt from the payment of these exactions in the nature of license fees. It was said in that

case that although there might be a presumption that the legislature did not intend to levy or impose the tax upon one of the sub-divisions of the state, there is no limitation upon the power of the legislature to do so. The court then proceeded to make a general analysis of the several acts imposing the license fees and the exemptions therefrom and then held upon such analysis that the counties of the state are required to pay the license fee upon motor vehicles owned by them, and reversed the judgment of the trial court.

A similar analysis was made in the case of *Ft. Smith* v. *Watson,* 187 Ark. 830, 62 S. W. 2d 965, and in that case, the exact or identical question was presented for a decision as we have before us in the instant case. Ft. Smith, however, was seeking to recover taxes upon gasoline used by it in motor vehicles owned and operated by it upon the public roads and highways of the state for governmental purposes. The court said in that case: "This identical question was decided by this court in the case of *Blackwood* v. *Sibeck,* 180 Ark. 815, 23 S. W. 2d 259. This court ruled in that case that by exempting motor vehicles belonging to the United States Government from the payment of a license fee, no other vehicles were intended to be exempt. The exemption from the license fee and gasoline taxes appear in the same section (§ 35) of the act. The interpretation placed on this act heretofore and now finds support in the cases of *Crockett* v. *Salt Lake County,* 72 Utah 337, 270 Pac. 142, 60 A. L. R. 867; *City of Portland* v. *Kozer,* 108 Or. 375, 217 Pac. 833; *City of Louisville* v. *Cromwell,* 233 Ky. 828, 27 S. W. 377."

The court said there that the city must be regarded as a wholesaler of the gasoline in its purchase and use of it and that it was liable for the tax.

Again we had this suggestion made, almost identical with the proposition we now have for consideration in the case of *Wiseman* v. *Madison Cadillac Co.,* 191 Ark. 1021, 88 S. W. 2d 1007, 103 A. L. R. 1208. The question arose there out of the two per cent. sales tax of the sale price of an automobile. In that opinion we said: "If the legislature had intended to exempt automobile dealers, as

claimed by appellee, it could have said so in language about which there could have been no doubt. It did not do this. Appellee, claiming an exemption, the burden is upon it to show that it is entitled to exemption.''

There was, also, quoted from 61 C. J. 391, the announcement that in cases of doubt as to legislative intention, or as to inclusion of particular property, within the terms of the statute, the presumption is in favor of the taxing power, and the burden is on the claimant to establish clearly his right to exemption, bringing himself clearly within the terms of such conditions as the statute may impose.

There was, also, quoted from vol. 2, (4th Ed.), of Cooley on Taxation, 1403, § 672, an announcement to the same effect as above stated, except that this celebrated law-writer made more emphatic the principle announced, for he says: ''Exemptions are never presumed, the burden is on a claimant to establish clearly his right to exemption, and an alleged grant of exemption will be strictly construed, and cannot be made out by inference or implication, but must be beyond reasonable doubt.''

We think the case under consideration had been decided in principle by an announcement of this court in the case of *Arkansas State Highway Commission* v. *Wiseman, Commissioner,* 192 Ark. 873, 95 S. W. 2d 557. In this last-mentioned case the highway department, for the same reason it urges in the case at bar, insisted that it is not subject to the sales tax. It is an arm of the government. It is taking money out of one pocket and putting it into another. We held there, without our opinion being questioned by any dissent, that the mere fact that the highway department was an arm of the government, acting for the state in a particular sphere, did not exempt it from the taxation imposed. While the appellees question the soundness of our conclusions as announced in the last-cited case, the criticism is not convincing in the face of the history of legislation imposing these special taxes, such as license fees upon automobiles or so-called gasoline taxes when used by cities and counties and departmental agencies of the state. Experience has taught that these exemptions, when tried in the past, were not whole-

some, and legislation as it had developed upon these subjects in recent years has tended to exclude any form of exemptions. Although we do approve and consider this as real progress in legislative development, such legislation does not need our approval. It is sufficient, if the legislature by its own fiat so announces, and we think it has done so in unequivocal language. If by interpretation we might hold the Highway Department exempt from these taxes, in like manner and for the same reasons we should hold the Department of Education and all its agencies exempt. All agencies and employees of the executive department, while in the service of the state, would in like manner be exempt, and so would the members of the judicial department and all its employees.

It is unnecessary to extend unduly this discussion, but we desire to close it by announcing that the argument made that a tax upon the Highway Department is the taking of money from one pocket and putting it in another is not conclusive. However absurd the statement may appear, we do not feel at liberty to announce a principle whereby less revenue will be collected or distribution provided for under the provisions of act 11 of the Extraordinary Session of 1934 and in that manner impair the effectiveness of that legislation. While it is true that if the Highway Department pay over this tax it will have that much less money to pay out on highways, the argument is just as forceful that if it should not pay over this tax, there will be exactly that much less money in the aggregate paid to the treasury for the redemption of bonds and payment of interest and other debt service obligations.

It is suggested, but not seriously argued, that the Highway Department cannot be required to pay this tax because there is no special appropriation therefor. If the Highway Department is able to buy gasoline it will find, unless it seeks to evade the law, that the tax imposed upon the gasoline is a mere incidental part of the purchase price. We do not mean by "incidental" that it is small or insignificant, but that it is an inseparable part of the purchase price.

The other questions suggested and presented in this case, as to the right of the Commissioner of Revenues to sue the Highway Department, we deem of no particular significance as this action was instituted by the Highway Department and its director. The officers in control of the various departments of this state desire merely to know and understand their duties and obligations in order that complete and entire performance may be insured.

It follows that the trial court was in error. The decree is, therefore, reversed, and the cause remanded with directions to sustain appellant's demurrer.

GRIFFIN SMITH, C. J., and HOLT, J., dissent.