BRANCH v. GERLACH.

Opinion delivered April 4, 1910.

1.  APPEAL AND ERROR—QUESTION NOT RAISED BELOW.—The objection that
    a municipal ordinance imposed an excessive fee for a permit to make
    a sewer connection will not be considered on appeal if it was not
    raised in the trial court.  (Page 379.)

2.  MUNICIPAL CORPORATIONS—CONTROL OVER SEWERS.—Under Kirby's Di-
    gest, § 5722, et seq, giving to cities control over sewer connections, a
    city is authorized to require a separate connection for each lot.
    (Page 379.)

Appeal from Pulaski Circuit Court, Second Division; F.
Guy Fulk, Judge; affirmed.

Moore, Smith & Moore and H. M. Trieber, for appellant.

The tax imposed is *ultra vires* and void.  30 Ark. 435.  The
courts will interfere to correct an unreasonable exercise or a
mistaken application of the police power.  34 Ark. 603; 43 Ark.
82; 52 Ark. 201; 56 Ark. 370; 83 Ark. 351; 85 Ark. 590; 90
Ark. 127.

J. W. Blackwood, for appellee.

The ordinance is not void.  26 Ark. 527; 13 N. Y. 427; 167
Mo. 554; 64 L. R. A. 679.  The tax is a proper charge.  Acts
1889, p. 18; 53 Ark. 300; 90 Ark. 5.  The presumption is that
the ordinance is just, and the construction of it is for the court.
52 Ark. 301; 70 Ark. 30; 43 Ark. 82; 41 Ark. 485;
The ordinance was authorized by the Legislature. Kirby's Dig., §
5722 to 5728; 53 Ark. 302; 90 Ark. 5; 2 Dillon, Mun. Corp., §
805; 54 O. St. 506; 94 Minn. 121; 12 R. I. 310; 175 Mass.
242; 182 U. S. 398; 126 Mass. 431; 177 Mass. 39; 60 S.
W. 116.

McCULLOCH, C. J.  Appellant prays for a writ of mandamus
to compel the city clerk of Argenta to issue permits
for sewer connection with houses on his lots.  He demanded
a permit for one sewer connection with several houses on dif-
ferent lots in the same block, and the same was refused on the
alleged ground that the ordinance of the city did not authorize
a single permit for houses on more than one lot.  The circuit
court refused to grant the writ of mandamus, and an appeal
was taken to this court.

The ordinance relied on to sustain the refusal to issue the

single permit for connection with more than one lot reads as follows:

"Sec. 2. That no person, company or corporation shall be permitted to connect with any sewer in the city of Argenta, built by the city and not by assessment on the property in the district, now or hereafter constructed, shall be permitted to connect with said sewer or sewers without first paying to the city clerk for such privilege the sum of twenty-five dollars for each connection. The word 'connection' is hereby defined to mean a connection for any residence, shop or place of business, whether occupying a lot or a part of a lot. And where a connection is made on the lines between two houses or places of business, each house or place of business shall be considered a separate connection. Where one party owns one or more lots, and occupies the same with only one residence or place. of business, only one charge shall be made for one full lot or fraction thereof unless afterwards other buildings, residences or places of business shall be added, in which case the owner shall take out and pay for a separate permit for each connection. In no event shall one permit contain more than one full lot."

It is argued that the fee imposed by the ordinance is excessive, and that the ordinance is void for that reason. No such question was involved in appellant's demand, nor in the trial below, and it can not be considered here. Appellant offered to pay the sum named in the ordinance for each connection, but demanded a single connection for more than one lot containing houses in a block. The only question raised, therefore, is whether or not the city had the right to require a separate connection for each lot. We hold that it did have such power. It is a reasonable exercise of the police power. Sound reason may be discovered why the houses on different lots should have separate connection with the sewer, so that the supervision may be more effective, and so that the stoppage of one connection will not affect other premises.

The statute confers on cities control over sewer connections. Kirby's Dig., § 5722 *et seq.*

Judgment affirmed.