### DOWNEN v. McLAUGHLIN.

4-3694

Opinion delivered October 22, 1934.

*C. T. Cotham,* for appellant.

*A. T. Davies* and *Rose, Hemingway, Cantrell & Loughborough,* for appellees.

McHANEY, J.   This case is similar in some respects to those of *Freeman* v. *Jones, ante* p. 815, and *Snodgrass* v. *Pocahontas, ante* p. 819, this day decided. The city of Hot Springs proposes to issue 4 per cent. bonds to the amount of $175,000 to enlarge certain parts of the main sewers built by improvement districts in 1884 on Central and Park avenues, and which have been rebuilt twice since by the city with its own funds; to construct two sewage disposal plants outside the city; and to extend the main sewers to the disposal plants. Authority so to do is claimed under Amendment No. 13 to the Constitution. An election was called and held pursuant to ordinance on December 5, 1933, in which a large majority of the qualified electors voting approved the bond issue and the levy of a special tax on the real and personal property to pay said bonds.

The total cost of doing the proposed work is in excess of $300,000. The city has made a contract with the

Public Works Administration of the United States, whereby the Government will buy said bonds at par for cash, and, in addition, will make a free grant to the city of $43,000. The Department of the Interior will donate $82,000, making a total of $300,000. The plans prepared by the city engineers and approved by the city council, call for an estimated expenditure, in constructing the two disposal plants and in extending the main sewers to said plants, of $261,471, and for enlarging those parts of the main sewers on Central Avenue from Superior Bath House to Arbor Street and on Park Avenue from Arbor Street to Mt. Valley Street, the estimated cost is only $39,295, or a total estimated cost of $300,766.

Appellant brought this action to enjoin the issuance of said bonds and the levy of a tax on his property, claiming "that there is no authority under Amendment No. 13 for a city to issue bonds and levy a tax to pay for constructing the sewers and disposal plant to connect with and dispose of the sewage from or for enlarging parts of sewer mains built by improvement districts and not by the city itself, and that therefore said bonds and tax levy are void."

Appellees answered asserting power and authority and the reasons for the necessity of the improvement, to which a demurrer was interposed and overruled. Appellant elected to stand on his demurrer, and his complaint was dismissed for want of equity.

The questions presented by this appeal, as stated by counsel for appellant, are "whether the city of Hot Springs has the authority to issue bonds and levy a tax for constructing sewers and disposal plants to connect with and dispose of the sewage from the sewer mains built by improvement districts and for enlarging parts of main sewers built by the improvement districts." It is conceded that the city could make these improvements to a sewer system owned by the city. The question is: Can the city make these improvements to a system built by improvement districts?

As to that part of the proposed improvements consisting of the construction of two disposal plants and the laying of new sewer mains connecting all the old mains

in the city (built by improvement districts) with such disposal plants, the case is ruled by the decision of this date in the Searcy case, *Freeman* v. *Jones,* No. 3690, *ante* p. 815. The cases are identical in this regard. Only the method or manner of raising funds to retire the bonds is different. There a monthly service charge is made. Here the electors by vote have levied a tax. As to that part of the proposed improvement consisting of laying additional or new mains alongside of the old mains on Central and Park avenues, there can be no question about the power of the city to do so. As shown above, these particular sewers were constructed in 1884 and were taken over by the city to maintain and operate. The city has twice rebuilt them with its own funds. To all intents and for all purposes, the city is the owner thereof and may operate, improve and reconstruct them so as to serve the best interests of the people of the city. See act 349 of Acts of 1927, p. 1107. There is nothing in the case of *McCutcheon* v. *Siloam Springs,* 185 Ark. 850, 49 S. W. (2d) 1037, that militates against this holding. While the sewers were built by improvement districts, the city is the actual owner now, and it is required to operate and maintain them.

The city has literally complied with Amendment No. 13 to the Constitution, and this amendment specifically confers power on cities of the first and second class "for the construction of sewers and comfort stations," and for the issuance of bonds to pay therefor and the levy of a tax to retire the bonds. Here the city is constructing sewers, and it can make no difference that the sewers so constructed tie into sewers theretofore built by improvement districts.

Let the decree be affirmed. It is so ordered.