FREEMAN v. JONES.

4-3690

Opinion delivered October 22, 1934.

*W. H. Gregory,* for appellant.

*Brundidge & Neelly* and *Rose, Hemingway, Cantrell & Loughborough*, for appellees.

HUMPHREYS, J. The question involved on this appeal is whether the city of Searcy may issue revenue bonds to procure $45,000 with which to construct additional sewer mains, and a disposal plant to dispose of the sewage from all the sewer mains in said city, including the present mains, which were built by Sewer Improvement District No. 1 in the year 1900, and which were taken over by the city for the purpose of maintenance and operation, provided the bonds are made payable solely from the revenues of the new improvements.

When the sewer system was constructed, a small septic or disposal plant was built to dispose of the sewage. The septic plant is worn out and allows raw sewage to pass through it into a branch running around the east side of the city and north into Gin Creek. These streams are dry most of the time during the summer months, and the raw sewage collects in pools, endangering the health of the inhabitants as well as emitting offensive odors. The State health authorities have condemned the septic tank as being a menace to the health of the community. Neither the city nor the improvement district has the money to build a disposal plant of sufficient size to carry the increased load due to the growth of the city. There is a large territory within the city that cannot be served by the sewer system as originally constructed, and the proposal is to build new mains through this territory and, instead of tying the old mains into the old septic tank, to connect them with the new mains, which are to be built out to and tied into the new disposal plant in the country. The proposal is to charge each house serviced exclusively by the new mains and disposal plant $1 a month, and those situated in the original district 50 cents a month for the use of the new mains and disposal plant. In keeping with this proposal, said city passed an ordinance authorizing appellees to issue revenue bonds for $45,000 payable to the Public Works Administration of the United States, which are to be paid out of the proceeds to be derived from the monthly charges aforesaid for the use of the mains and disposal plant, the Public

Works Administration of the United States having agreed to pay par for the bonds and in addition to make a free grant of $10,000 to the city to aid in the construction of said mains and disposal plant, the estimated cost thereof being $55,000. Appellant, an owner of property in the city, instituted this suit to enjoin appellees from issuing the bonds and proceeding with the construction of the new mains and disposal plant on the ground that the city was without authority to construct the improvement, and issue revenue bonds to pay for same.

The ordinance was passed pursuant to act 132 of the Acts of the Legislature of 1933. Section 1 of said act provides: ''That every city (of either the first or second class) and town in the State of Arkansas is hereby authorized and empowered to own, acquire, construct, equip, operate and maintain within and/or without the corporate limits of such city or town, a sewage collection system, and/or a sewage treatment plant or plants, intercepting sewers, outfall sewers, force mains, pumping stations, ejector stations and all other appurtenances necessary or useful and convenient for the collection and/or treatment, purification and disposal, in a sanitary manner, of the liquid and solid waste, sewage, night soil and industrial waste of such city or town, * * * and to issue revenue bonds to pay the cost of such works and property, * * * payable solely from the funds provided under the authority of this act.''

This section of said act is unambiguous, and in unmistakable language authorizes a city of the first or second class or any town in the State of Arkansas to construct a sewage collection system within or without the city limits and to issue revenue bonds to pay the cost of same out of the proceeds to be derived from the new construction. Appellant contends that no authority exists under the statute for a city to build additional sewer mains and disposal plants to connect with and dispose of sewage from mains built and owned by an improvement district, and not owned by the city itself. In other words, the interpretation of the statute by appellant is that, before a city can construct additional mains and disposal plants which are necessary, it must

acquire the ownership of the original sewer system, which was held for operation and maintenance. We find nothing in the act to that effect. The construction of the new mains and disposal plant and the ownership of them by the city does not in any wise disqualify the city from continuing to hold the original sewer system for operation and maintenance. It does not destroy any interest the improvement district may have, if any, in the original sewer system. Making use of the new construction as an outlet for the original sewer system does not impair the usefulness of the original system. The most that can be said of it is that the new construction is an aid and help to the old system without becoming an integral part of it. It appears that the old system can serve only a part of the city, and certainly the statute should not receive an interpretation which would prevent the city from constructing a sewage system to serve other territory in the city without first becoming the owner of the original system. We interpret the statute as conferring authority upon cities and towns in Arkansas to construct sewer systems wherever and whenever needed, and to issue revenue bonds to pay for the construction thereof out of proceeds to be derived from the new construction itself.

Act 132 of the Acts of 1933 authorizing the passage of the ordinance in question does not offend against amendment No. 13 of the Constitution of 1874 for reasons appearing in the case of *Snodgrass* v. *Pocahontas, post* p. 819, this day handed down.

It does not appear that the charges made against the owners of the several houses in the city are unreasonable, and it goes without saying that cities and towns may impose a reasonable charge upon owners of property connected with a sewer system owned or operated by the city or town.

No error appearing, the decree is affirmed.