GRIM v LEWISVILLE (village) et

Ohio Appeals, 5th Dist, Stark Co

No 1582.  Decided October, 1935

A. Talmadge Snyder, Canton, for appellant.

H. J. Shoemaker, Canton, for defendant.

## OPINION

By LEMERT, PJ.

Sec 3647, GC, defines one of the general powers of the Council of a Municipal Corporation as follows:

"To open, construct and keep in repair sewage disposal works, sewers, drains and ditches, and to establish, repair and regulate water closets, etc."

And §3659 GC provides:

"To provide for the collection and disposition of sewage, garbage, ashes, animal and vegetable refuse, dead animals and animal offal, and to establish, maintain and regulate plants for the disposal thereof."

Sec 3891-1 GC provides:

"The Council of any city or village which has installed or is installing sewerage, a

system of sewerage, sewage pumping works or sewage treatment or disposal works for public use, may by ordinance establish just and equitable rates or charges or rent to be paid to said city or village for the use of such sewerage and system of sewerage, sewage pumping works or sewage treatment or disposal works, etc.' Such charges shall constitute a lien upon the property served by such connection, and if not paid when due, shall be collected in the same manner as other city and village taxes. The Council may change such rates or charges from time to time as may be deemed advisable."

Sec 3898 GC provides:
"If any payment is not made by the time stipulated, the amount assessed, together with interest and a penalty of five per cent. thereon, may be recovered by suit before a Justice of the Peace or other court of competent jurisdiction, in the name of the corporation, against the owner or owners, but the owner shall not be liable under any circumstances beyond his interest in the property assessed at the time of the passage of the ordinance or resolution to improve."

Upon an examination of the petition in the instant case and applying the law to the same for a proper disposition of the demurrer to the petition, we have to say that the case in issue involves no special assessments whatever. In the present case, the Village of Lewisville is attempting to enforce, not a tax, not an assessment and not a special assessment, but a rental especially authorized by §3891-1, GC, partaking of the nature of a tax or assessment. No particular improvement involving a special assessment is provided for or adopted. The village simply proposed to avail itself of a statutory right to maintain and operate a sewerage system constructed nearly twenty-five years ago.

We further note that the ordinance in question, in §14, provides:

"This ordinance is hereby declared to be an emergency measure necessary for the immediate preservation of the public health and safety of said village by reason of a serious condition existing at the sewage disposal plant of the said village, and the necessity for providing funds for the immediate repair and improvement of such plant, and this ordinance shall become effective immediately upon its passage."

So that, without prolonging the discussion of this matter further, we are of the opinion that the court below ruled correct-

ly when he sustained the demurrer. So that it follows that the same judgment will be entered in this court as was entered in the court below. Motion for new trial, if filed, overruled. Exceptions may be noted.

MONTGOMERY and SHERICK, JJ, concur.