TERRY v. OVERMAN, MAYOR.

4-4769

Opinion delivered June 28, 1937.

W. D. Hopson, for appellant.

Ed I. McKinley, Jr., House, Moses & Holmes and H. B. Solmson, Jr., for appellees.

McHANEY, J. Appellant, a citizen and taxpayer, brought this action against appellees, the mayor and the city clerk of the city of Little Rock, to enjoin them from issuing bonds in the sum of $25,000 to defray part of the cost of construction and equipment of an addition to the Little Rock public library building. He alleged that on the 26th day of January, 1937, an election was held, pursuant to an ordinance of the city council calling same, in which a majority of the qualified electors of the city of Little Rock voted to authorize the issuance of said bonds for said purpose; that the city, through the officers named, proposes to issue such bonds for said purpose; that the Federal Government through one of its agencies, has indicated the intention of defraying part of the cost of the construction and equipment of such addition to the said library building; that the bonds proposed to be issued are to be retired by the levy and collection of an additional tax upon property located in the city of Little Rock and that such action is proposed under amendment No. 13 to the Constitution of the state of Arkansas. He further alleged that while said amendment does authorize the issuance of bonds for the construction of a library, it does not authorize the issuance of bonds to construct an addition or improvement to the structure already in existence. He admitted that the present library building is inadequate to the needs of the city, but denies that any authority exists for the constructing or equipping of an addition to the present building.

To this complaint a demurrer was interposed and sustained by the court on the ground that the complaint does not state facts sufficient to constitute a cause of action. The appellant declined to plead further and his complaint was dismissed for want of equity.

Amendment No. 13 to our Constitution provides: "That cities of the first and second class may issue by

and with the consent of a majority of the qualified electors of said municipality voting on the question at an election held for the purpose, bonds in sums and for the purposes approved by such majority at such election as follows: '* * *; for the purchase of street cleaning apparatus, for the purchase of sites for, construction of, and equipment of city halls, auditoriums, prisons, libraries, hospitals, public abbatoirs, incinerators or garbage disposal plants; * * *; and for the purpose of purchasing, extending, improving, enlarging, building or construction of water works or light plants, and distributing systems therefor.' "

Clearly the amendment authorizes the construction of, and equipment of, libraries. It is contended by appellant that this language limits the power to the construction and equipment of libraries, as an original proposition, and not to the construction and equipment of additions to libraries already in existence, and it is suggested that because the latter part of the amendment provides for the extending, improving and enlarging of water works or light plants and distributing systems therefor, but does not so provide for city halls, auditoriums, prisons, libraries, etc., it should follow that the amendment does not authorize a city to issue its bonds for improvements or additions to municipal projects where the amendment is silent in regard to such purpose. We cannot agree with appellant in these contentions. Coming in the same category with libraries, as used in the amendment, are city halls, auditoriums, prisons, hospitals, incinerators and garbage disposal plants. Can it be seriously contended that if the city had a city hall already, which it had outgrown, but could be utilized by building an addition to it, that the city would have to abandon that building and construct a new one in order to comply with the amendment? We think this would be a strained and unreasonable construction to place on it. The purpose of construing a constitutional provision is to ascertain and give effect to the intent of the framers and of the people in adopting it, and to this end it should receive a reasonable construction. *Snodgrass* v.

*Pocahontas,* 189 Ark. 819, 75 S. W. (2d) 223; *Downen* v. *McLaughlin,* 189 Ark. 827, 75 S. W. (2d) 227.

Webster defines the word library as, "An apartment, a series of apartments, or a building devoted to a collection of books, manuscripts, etc., kept for use but not for sale; as a college library; also, an institution for the custody or administration of such a collection; as a public library; the Library of Congress." Under this definition a library may be a building of one room or it may be a building of many rooms, and we think it is reasonable to say that an addition to a library already in existence might consist of one or more rooms and might be called a library of itself, or a new library added to the old.

In *Freeman* v. *Jones,* 189 Ark. 815, 75 S. W. (2d) 226, we held that under act 132 of 1933, authorizing cities and towns to construct and maintain sewage collection systems and treatment plants, and to issue bonds in payment thereof, that the city of Searcy might issue bonds for additional sewer mains and disposal plants to connect with the plant and mains already built and owned by an improvement district where the bonds were payable solely from the revenue from the new improvements, and that the act was not violative of amendment No. 13, here under consideration. In *Downen* v. *McLaughlin,* 189 Ark. 827, 75 S. W. (2d) 227, we held that the city of Hot Springs might enlarge certain sewer mains in that city and make improvements to its sewer system by following the procedure outlined in amendment No. 13. We there said: "Here the city is constructing sewers, and it can make no difference that the sewers so constructed tie into sewers theretofore built by improvement districts." We so held in these cases under the language of the said amendment which reads: "for the construction of sewers and comfort stations." It does not provide specific authority for improvements to sewers or additions thereto.

The purpose of the amendment, as we understand it, was to authorize cities of the classes named, after an election duly called and held in which a majority of the

qualified electors of said municipality voting on the question, voted to make the improvements named in the amendment by the issuance of bonds and the payment of said bonds by tax on the property within the municipality. Here, the election has been held as the complaint alleges, and the majority of the voters in the election approved the very purpose sought to be enjoined.

The decree of the chancery court is correct, and must be affirmed.