L. X. Corporation, Plaintiff, *v.* City of New York, Defendant.

Supreme Court, Special Term, New York County, March 14, 1952.

*Denis M. Hurley, Corporation Counsel* (*W. Bernard Richland* and *Pauline K. Berger* of counsel), for defendant.

*Alexander E. Rosenthal* and *Mordecai Dancis* for plaintiff.

Walter, J. The owner of a multiple dwelling, which is connected with New York City's sewer system and thus makes use of the services of such system, brings this action to recover back a sewer rent of $94.50 which was assessed against it under New York City Local Laws Nos. 67 and 102 of 1950, and which it says it paid under protest. Defendant moves to dismiss the complaint as insufficient and for summary judgment in its favor.

The asserted ground for recovery is that the sewer rent and the Local Laws under which it was assessed are '' illegal, unjust, improper, contrary to law, unconstitutional and violative of the Constitution of the State of New York ''.

Specifically, the claim is that section 10 of article VIII of the New York State Constitution limits the tax which the city can impose upon real estate to 2% of the assessed valuation; that this sewer rent and the regular real estate tax together exceed such 2% and therefore the assessment of the sewer tax violates that provision of the Constitution.

Plaintiff arrives at its conclusion of an excess above 2% by taking $331,934,909.84 as the constitutional 2%, $331,778,756.43

as the real estate tax levied, and $8,123,539.29 as the amount of the sewer rent collected on a frontage basis. I entertain a notion that in order to present a constitutional question which plaintiff is entitled to raise, plaintiff would have to show, not merely that taxpayers in general pay more than 2%, but that plaintiff's own individual real estate tax plus its own individual sewer rent exceeds 2% of the assessed value of its real estate; but I pass the question whether plaintiff has adopted a proper basis of calculation, because, under the assumption that it has, the question presented is whether or not a sewer rent collected on a frontage basis is a tax, and that is the question the parties have argued and the question upon which I prefer to rest decision.

Plaintiff relies upon a statement in the opinion in *New York Univ.* v. *American Book Co.* (197 N. Y. 294, 297). A landlord there paid the city's claim for water furnished to a tenant through a meter and brought action against the tenant to recover the amount so paid. The question, therefore, was whether the landlord was subrogated to the city's lien upon the property for the value of the water consumed; and what was held was that the tenant's use of the water was in effect a purchase, that the obligation to pay rested upon the tenant who bought and consumed, and that when the landlord paid, it was subrogated to the city's lien which the statute gave it as security for its claim. The case did not involve any question as to the nature of a water rate fixed on a frontage basis. The opinion, however, mentioned the fact that the statute authorized a method other than metering as a method of compensating or reimbursing the city for water furnished its inhabitants, a method which, it said, required that prescribed rates be paid, regardless of the quantity of water used, or whether any water is used. The opinion then says: " Such a rate is a tax ". That, as I see it, was pure dicta, not at all necessary to the decision nor even appropriate to the decision.

Furthermore, the sewer rent here complained of is fixed at one third of the water charges assessed in respect of plaintiff's dwelling, and although those water charges are actually fixed on a frontage rate instead of by actual metering, I do not think that in this case it can be said that either the water charge or the sewer rent is fixed without regard to the quantity of water used or of the use made of the sewer.

On the contrary, I think this sewer rent is a charge for the special benefit conferred upon those who use the sewer system and hence is not a tax (see *Robertson* v. *Zimmermann,* 268

N. Y. 52, 64; *Carson* v. *Brockton Sewerage Commission*, 182 U. S. 398; *Francis* v. *City of Bowling Green*, 259 Ky. 525; *Sharp* v. *Hall*, 198 Okla. 678; *Matter of City of Philadelphia*, 343 Pa. 47; *Hamilton's Appeal*, 340 Pa. 17; *Louisville & Jefferson Co. Sewer Dist.* v. *Seagram*, 307 Ky. 413; *Veail* v. *Louisville & Jefferson Co. Met. Sewer Dist.*, 303 Ky. 248; *Jernigan* v. *Harris*, 187 Ark. 705; *Opinion of Justices*, 93 N. H. 478; *City of Niles* v. *Union Ice Corp.*, 133 Ohio St. 169; *City of Leeds* v. *Avram*, 244 Ala. 427; *Freeman* v. *Jones*, 189 Ark. 815; *Michelson* v. *City of Grand Island*, 154 Neb. 654; *Grim* v. *Village of Louisville*, 54 Ohio App. 270; *Benson* v. *City of Andalusia*, 240 Ala. 99; *Board of Supervisors* v. *City of Richmond*, 162 Va. 14; *Wagner* v. *City of Rock Island*, 146 Ill. 139; *Central Sav. Bank* v. *City of New York*, 279 N. Y. 266, 280; *Silkman* v. *Board of Water Comrs.*, 152 N. Y. 327, 331; *Mahler* v. *Commissioner of Internal Revenue*, 119 F. 2d 869, 873; *City of Harrison* v. *Braswell*, 209 Ark. 1094, and *Hennessey* v. *Volkening*, 22 N. Y. S. 528).

The motion to dismiss the complaint is accordingly granted.