CITY OF MOUNTAIN HOME *v.* RAY.

5-371                                              267 S. W. 2d 503

Opinion delivered April 26, 1954.

*Emery D. Curlee,* for appellant.

*H. J. Denton* and *Ivan Williamson* and *Ben B. Williamson,* for appellee.

GRIFFIN SMITH, Chief Justice. O. H. Ray owns land adjoining College street in the City of Mountain Home. The area was formerly a 40-acre tract, but in 1940 and 1941 Ray constructed thirty-one buildings, including a store. Following Norfork Dam developments and an influx of domestic and out-of-state tourists and vacationers the city's growth was accelerated to such an extent that a sewage system was required. It was installed under Act 132 of 1933.

Appellee was directed to connect his occupied property with this system—a system financed through issuance of revenue bonds. At the time notice was given (March, 1953) twenty-eight of Ray's houses were vacant. The proprietor's contention was that he had septic tanks, that water was supplied from wells, and in other respects the premises were in a sanitary condition.

Ordinance No. 107 directs the owners of all improved property within the district susceptible of service to make sewer connections if this can be done without running pipes more than 200 feet. Section 27 of the ordinance authorizes issuance of written notice commanding compliance within two weeks. Disobedience is a misdemeanor punishable by fine of not less than two nor more than ten

dollars, each day's failure or refusal constituting a separate offense.

The construction, operation and maintenance of the system shall be supervised by a sewer committee, but this committee acts under control of the city council "to such extent as may be provided in the ordinance or resolution appointing the committee". Only §§ 26 and 27 of Ordinance No. 107 are in the record.

Ray refused to connect his property with the sewer system and was fined $88 and cost amounting to $17.50. While the appeal bond states that the trial proceedings were in the court of J. C. Watson, a justice of the peace for Whiteville Township, the judgment is signed by J. C. Watson as acting mayor. The defendant was informed that the fine and cost would be set aside if compliance with the order to connect occurred within two weeks. An appeal was taken before this period expired.

Circuit court found §§ 26 and 27 "to be invalid and unenforcible *in this case*". There is an express disclaimer by the city of any purpose to procure enforcement of the fine and cost. The municipality's fear is that with the two ordinance sections deleted its remedies under Act 132 are neutralized, hence a decision on the city's power to compel sewer connections is imperative.

An initial contention by the appellee is that J. C. Watson, being a justice of the peace, could not be designated to sit as mayor because Act 284 of 1941, from which the claimed authority derives, became local legislation when five counties were exempted from its provisions. The Act was construed in *Harris* v. *City of Harrison*, 211 Ark. 889, 204 S. W. 2d 167, but the point here pressed was not raised.

By reference to Act 284 it will be seen that two sections of Pope's Digest are dealt with. Section 9798 containing the proviso exempting the five counties mentioned in § 1 of Act 284 was Act 368 of 1921. Section 2 of Act 284 — the legislation containing the language thought by appellee to be void for constitutional reasons

—amended § 9809 of Pope's Digest, and 9809 is § 48 of an Act of March 9, 1875. The exemption of the five counties is a part of the Act of 1921, brought forward into § 1 of Act 284 as originally written; hence it is no part of § 2 amending Pope's Digest section No. 2.

Appellee's next contention is that the right of appeal from circuit court has not been conferred by statute, hence there is nothing before the court. By § 4 of Art. 7 of the constitution this court's appellate jurisdiction is coextensive with the state. We are expressly given a general superintending control over all inferior courts of law and equity. In aid of this appellate jurisdiction power is conferred to issue writs of error and supersedeas, certiorari, habeas corpus, prohibition, mandamus and quo warranto, and other remedial writs, "and to hear and determine the same". It is true that the Supreme Court's appellate jurisdiction is to be exercised under such restrictions as may from time to time be prescribed by law. Here it is argued that there is no express right of appeal to this court.

Pretermitting a discussion of the effect of Ark. Stat's, § 27-2101, it is abundantly clear that we have held that in civil matters all final orders or judgments of circuit or chancery courts are appealable. In *St. Louis & North Arkansas Railroad Company* v. *Mathis*, 76 Ark. 184, 91 S. W. 763, (opinion on rehearing) Mr. Justice McCulloch said: "It is contended on behalf of appellee that it was meant, by the use in the constitution of the words, 'under such restrictions as may from time to time be prescribed by law', to confer upon the lawmaking body the power to limit the right of appeal. Placing this construction upon the language used, the effect of the constitutional provision would be to give to the court only such appellate jurisdiction as the lawmaking body should see fit to leave to it. . . . The manifest intention of the framers of the constitution was, primarily, to give a right of appeal to the Supreme Court from all final judgments of circuit and chancery courts, but to vest in the legislature the power to prescribe regulations as to the manner of taking appeals

and time within which the same may be taken and prosecuted. This is, we think, what is meant by the words, 'under such restrictions as may from time to time be prescribed by law'. To construe it otherwise would be to make it read that the Supreme Court shall have only such appellate jurisdiction as may from time to time be prescribed by law".[1]

In *Missouri Pacific Railroad Company* v. *Bridge District,* 134 Ark. 292, 204 S. W. 630, Chief Justice Mc-Culloch discussed a special statute creating an improvement district and the right of an aggrieved property owner to appeal. From this opinion the following is copied: "At the threshold of the hearing in this court we are confronted with the contention of counsel for appellee that as the special statute under which the proceedings are conducted does not provide for an appeal, none will lie. The circuit court acts in a judicial, and not in an administrative, capacity, and under the constitution an appeal to this court will lie from all final judgments and orders of the circuit court. . . . The right of appeal extends to special proceedings though the right be not expressly granted in the statute authorizing such proceedings".

Appellant's argument is that § 27 of the ordinance is constitutional, but irrespective of the ordinance, or of Act 132, cities have inherent power to compel obedience to sanitary and health regulations. In *Branch* v. *Gerlach,* 94 Ark. 378, 127 S. W. 451, it was held that an ordinance requiring a separate sewer connection for each

---

[1] Section 44-503, Ark. Stat's, denies the state a right of appeal from judgments of the justices' courts. [But in the case now considered the appeal was taken from a judgment by a justice of the peace sitting on behalf of the mayor, and Ray was the appellant]. See § 44-116 where, in a mayor's court, the right of trial by jury is denied, but the defendant may require a jury on the appeal to circuit court. Section 43-2720 permits an appeal by the state in criminal cases upon certification by the attorney general, but (§ 43-2722) a judgment of acquittal is a bar to further prosecution. Section 43-2730 expressly invests the Supreme Court with appellate jurisdiction in misdemeanor cases, and (by § 43-2733) the state may appeal through the prosecuting attorney. But (§ 43-2736) the judgment shall only be reversed for errors of law apparent on the face of the record to the prejudice of the appellant. Where the prosecution is by a penal action, "the appeal shall be similar in all respects to appeals in civil actions". Section 43-2738.

lot was reasonable and that the city's right came from its police power—control of sewer connections having been conferred by Kirby's Digest, § 5722 et seq. (now Ark. Stat's, § 19-4125). It was said in *Freeman* v. *Jones,* 189 Ark. 815, 75 S. W. 2d 226, that reasonable charges may be imposed upon owners of property connected with a city sewer system.

Issues raised in *Jernigan* v. *Harris,* 187 Ark. 705, 62 S. W. 2d 5, were discussed by Judge Frank G. Smith. In holding Act 132 constitutional as against enumerated points of attack, it was said that the power of cities and towns to install sewage systems and waterworks is universally recognized. ''The health, as well as the comfort and convenience of persons living together in close relation and in large numbers, require the existence of such powers, and a sewage system would be valueless unless the power inhered to require all property owners to make physical connections with the sewers''.

The rule deducible from the Jernigan-Harris case, however, seems to be that either a city board of health or some constituted health authority must ascertain that existing facilities are inadequate and that the public health is impaired before criminal proceedings may be prosecuted. It follows that punishment must rest upon a factual background upon which prosecution for an act tending to imperil public health is shown.

This does not mean that § 27 is unconstitutional; rather, the result is that the city's interpretation of its remedy is not sufficiently identified with the municipality's general police power to make § 27 applicable in the case at bar, although undoubtedly civil action may be resorted to, and criminal prosecution if the public health and safety are shown to have been impaired.

While § 27 is penal, punishment does not include imprisonment. We see no reason why the city attorney may not prosecute the appeal for the sole purpose of procuring a ruling respecting validity of the ordinance.

Reversed.

Mr. Justice McFADDIN and Mr. Justice GEORGE ROSE SMITH dissent.