RUBBER CORPORATION OF AMERICA, Appellant, v. SAMUEL CHALFIN, Respondent.— In an action for judgment declaring that plaintiff, a tenant under a written lease, is not obligated to pay sewer rents, and for the recovery of such payments as were theretofore made by plaintiff, order denying plaintiff's motion for judgment on the pleadings, and dismissing the complaint on the merits, modified by striking out the provision thereof which dismisses the complaint on the merits, and as so modified, affirmed, without costs. Liability for payment of sewer rents was not specifically imposed on plaintiff by the terms of the lease, and no additional liability may be imposed, unless it is clearly within the provisions of the instrument under which it is claimed. (*Black* v. *General Wiper Supply Co.,* 305 N. Y. 386.) If it be assumed that the lease may be construed, in accordance with its practical interpretation by the parties, as imposing on the tenant the obligation to pay sewer rents (cf. *Brooklyn Public Lib.* v. *City of New York,* 250 N. Y. 495, 501; *Nicoll* v. *Sands,* 131 N. Y. 19, 24), which we do not now decide, it was error, nevertheless, so to construe the provisions of the lease as a matter of law. Plaintiff was not entitled, in any event, to judgment on the pleadings, in view of the issues raised by the denials in the answer. Nolan, P. J., MacCrate, Schmidt and Beldock, JJ., concur; Murphy, J., dissents and votes to affirm, with the following memorandum: This lease provides for a net rental free from all taxes, costs, *charges,* expenses and damages that are by the terms of the lease made payable by the lessee. All taxes, water charges and assessments, extraordinary as well as ordinary, levied, assessed or imposed by virtue of any present or future law are payable by the lessee except estate, gift, franchise, income or profit taxes imposed on the lessor unless the latter are levied in lieu of real property taxes. All taxes, assessments, water charges *and other charges* shall be apportioned in the last year of the term. In any suit growing out of the failure of the lessee to keep his covenant a departmental certificate showing such tax, water rent, assessment *or other charge* shall be prima facie evidence that such tax, water rent, assessment *or other charge* was due and payable. The imposition on owners of real property connected with the sewer system is a rent or charge for the use thereof. (*Black* v. *General Wiper Supply Co.,* 305 N. Y. 386, 392; *L. X. Corp.* v. *City of New York,* 201 Misc. 400, affd. 281 App. Div. 860.) The aforesaid provisions of this lease make clear that not only is the lessee required to pay any sum imposed against the lessor by and on behalf of public authority save estate and income taxes and the like, but, specifically, is obligated to pay all "charges". This sewer charge inescapably is included within that term. Prior to the enactment of the local law (Local Laws, 1950, No. 67 of City of New York; Administrative Code of City of New York, § 82d9–9.1), which was about a year after this lease went into effect, the lessee clearly was obligated under the lease to pay for the same sewer use in the form of property taxes and assessments. It has not shed the burden because of any slight technical change in characterizing the imposition for the same sewer use. (*Black* v. *General Wiper Supply Co., supra,* pp. 391–392.) [See 285 App. Div. 814.]