Arthur G. Klein, J.
This is an article 78 proceeding in the nature of a mandamus to direct the defendant, the Borough President of Brooklyn, not to award a contract, pursuant to a resolution of the Board of Estimate of the City of New York, for the dredging of certain portions of Newtown Creek, which are used as an overflow outlet for the New York City sewer system, and not to readvertise for any such contract, and to *118 "restrain the Comptroller and the Treasurer of the City of New York from making payments under any such contract. The Board of Estimate has authorized the cost of such contract to be met from the sewer rent fund, which consists of the fund used to pay the cost of maintaining and operating the sewer ■•system of the City of New York.
The petition, which is not supported by affidavits or proof of any evidentiary facts, asserts that such funds may not be used because the areas of Newtown Creek involved in this proceeding are not “ part or any accessory to ” the city sewer system as defined in the Sewer Bent Law (Local Laws, 1950, No. 67 of City of New York, now Administrative Code of City of New York, § 82d9-9.1). That law (eff. July 1, 1950) expressly provides that such fund should be used for the cost of maintaining and operating the sewer system, and defines the sewer system as including “ sewers * * * and accessories within the city “ ® * used or useful in connection with the * # # disposal of sewage and waste, and * * * maintained by the city as part of the public sewer system. ’ ’ It conclusively appears from the papers submitted in opposition to this application that, ■at the time of the enactment of the Sewer Bent Law, the sewer system had for almost 50 years been so designed and constructed that the portions of Newtown Creek Canal as an overflow outlet were essential to its proper functioning. This was in accordance with express statutory authorization (L. 1896, ch. 998, § 3, now Administrative Code, § 82d9-11.0), by the terms of which such outlets are clearly made “ accessories ” to the city sewers. The respondents establish that for almost 50 years the City of New York has maintained such outlets by periodic dredging whenever they might be obstructed by reason of the overflow from the city sewers. Since the enactment of the Sewer Bent Law this practice continued and the cost of maintaining and operating the sewer system was transferred from the city’s general taxpayers to the consumers who receive the benefit of the sewer services, that is, to the owners of real property connected with the sewer system.
The provisions of the law clearly direct such practice, since the sewer rent fund is made up of sewer rentals which have been held to be charges of a contractual nature paid by owners of real property connected with the sewer system as compensation for the services of the said system (L. X. Corp. v. City of New York, 201 Misc. 400, affd. 281 App. Div. 860, motion for leave to appeal denied 305 N. Y. 930). The contention of the petitioner that the sewer outlet areas of Newtown Creek are tidal waters of New York Harbor lacks convincing support on *119 this record and, even should that he so, we must reach the conclusion that the dredging of such waters to prevent the functioning of the sewer system from creating a nuisance therein is a necessary cost of operating the sewer system and as such is clearly chargeable to sewer rents. Similarly, there is no force to petitioner’s argument .that the power of the city to dredge its sewer outlet areas exists only where the obstruction stems exclusively from the sewer system (Administrative Code, § 82d9-10.0).
The foregoing disposition of the present application on the merits, seems preferable to a determination on the technical ground urged by the respondents that an article 78 proceeding does not lie and that petitioner must assert any rights he has in a taxpayer’s action under section 51 of the Municipal Law. That question now becomes academic and need not be decided. This application is denied and the proceeding dismissed.
Settle order.