154

Clarence EATON and Wayne C. ROBERTS *v.*
W. J. McCUEN, County Judge et al

81-74                                              617 S.W. 2d 341

Supreme Court of Arkansas
Opinion delivered June 15, 1981

*Q. Byrum Hurst, Jr.,* for appellants.

*Friday, Eldredge & Clark,* by: *John C. Echols*, for appellees.

STEELE HAYS, Justice. Appellants ask in effect that we declare the Garland County Solid-Waste Service District to be invalid. They reside in the district and brought suit in chancery court against W. J. McCuen and other officials of Garland County seeking declaratory judgment and injunctive relief against the collection of a service charge levied for purposes of the Garland County Solid-Waste Service District. The case was submitted on stipulated facts from which the court granted summary judgment to the defendant-appellees. We affirm that judgment.

On May 22, 1978, the Garland County Quorum Court adopted Ordinance 0-78-17 creating a subordinate service district to operate a landfill to dispose of solid waste as authorized by Act 742 of 1977, codified as Ark. Stat. Ann. § 17-4101 *et seq.* (Repl. 1980). This ordinance was referred to the voters of Garland County in the 1978 general election and approved. The district now comprises all of Garland County except the city of Hot Springs and the unincorporated communities of Hot Springs Village, Lonsdale and Mountain Pine. § 17-4101 provides:

> (1) Subordinate service districts to provide one [1] or more of the services authorized to be provided by county governments may be established, operated, altered, combined, enlarged, reduced, or abolished by the Quorum Court by ordinance. . . .
>
> (3) A subordinate service district is defined as a county service organization established to provide one or more county services or additions to county services and financed from revenues secured from within the designated service area through the levy and collection of service charges. . . .

Ark. Stat. Ann. § 17-4109 (1) and (3).

The collection of solid waste being a "public purpose," the providing of such a service by a county is implied in

Amendment 55, Constitution of Arkansas (1874) and specifically provided for in Ark. Stat. Ann. § 17-4109.1 (Repl. 1980) and Ark. Stat. Ann. § 82-2713 (Repl. 1976) which we will refer to more fully at a later point.

On December 28, 1978, and again on July 9, 1979, the Quorum Court amended Ordinance 0-78-17 to particularly describe the service district boundaries and to provide a method of collecting the $1.50 a month service charge levied on residents of the district, as provided in the original ordinance.

On July 14, 1980, the court authorized the issuance of $600,000 in Garland County Solid Waste Facilities Revenue Bonds (the "bonds") pursuant to Ark. Stat. Ann. §§ 82-2713, *et seq.* (Repl. 1976).

The appellants brought suit below to declare the ordinance void as being unauthorized in law, Section 106 of Act 742 having been repealed, to enjoin collection of the service charges under the ordinance, and to enjoin issuance of the bonds alleging that they are prohibited by Amendment 10 and 13, Constitution of Arkansas (1874).

The chancery court granted summary judgment to the appellees as to each issue, and the appellants bring this appeal. They argue that the court erred in upholding the validity of the ordinances because each was enacted without statutory authority. We disagree. Each of the ordinances was adopted pursuant to Act 742 of 1977. Section 106 of that Act was repealed by Act 919 of 1979, codified as Ark. Stat. Ann. § 17-4109.1 (Repl. 1980). However § 17-4109.1 provides:

[S]ubordinate service districts created pursuant to said Section 106 [Act 742] and existing on the effective date of this Act [July 20, 1979] shall continue in existence and be operated and governed in accordance with the provisions of said Section 106 as in effect immediately prior to the effective date of this Act. Further, subordinate service districts may continue to be created as provided by law for the following purposes ...
    (b) Solid waste services, including recycling ser-

vives, and solid waste collection and disposal services.
. . .

The ordinances having been adopted under Act 742, and the power to administer such districts having been preserved under § 17-4109.1, we find the ordinances to be a valid exercise of the Quorum Court's power, as the Chancellor held.

Second, the appellants argue that the $1.50 monthly charges levied against the residents and establishments of the district by the ordinance, as amended, is an unconstitutional property tax under Article 16, Constitution of Arkansas (1874). Again, we disagree with that contention. It is settled law that Article 16 does not apply to assessments for improvement districts. *Bensberg* v. *Parker*, 192 Ark. 908, 95 S.W. 2d 892 (1936). Further, service charges assessed against users within the service district are not taxes. *Housing Authority of Blytheville* v. *City of Blytheville*, 228 Ark. 736, 310 S.W. 2d 222 (1958); *Holman* v. *City of Dierks*, 217 Ark. 677, 233 S.W. 2d 392 (1950); *City of Harrison* v. *Braswell*, 209 Ark. 1094, 194 S.W. 2d 12 (1946); and *Guerin* v. *City of Little Rock*, 203 Ark. 103, 155 S.W. 2d 719 (1941).

Under this same point for reversal the appellant argues that the "service charge" should be construed as a "tax" because the charge imposed has no reasonable relationship to the services provided. However, the stipulations entered into between the parties show that the cost of the service to the county would be $450,000 per year and that such an amount would be adequately financed by the charge of $1.50 per month to each person who has access to use the collection service. There is no evidence whatever in the record that the charge is disproportional to the services rendered. As the court stated in *Holman*, above:

It may be that the [method] selected by the council is a reasonable one, and in the absence of evidence to the contrary we are unwilling to say that the presumption of constitutionality has been overcome. *Holman*, at 679.

Finally, appellants argue that the bonds created an indebtedness exceeding the limitations of Amendments 10 and 13, Constitution of Arkansas (1874). We find no merit in this argument. Here, the bonds were authorized pursuant to Ark. Stat. Ann. §§ 82-2713, *et seq.* (Repl. 1976). As such, they are not general obligations of the county but rather are revenue bonds payable *solely* from the revenues derived from the district's service charges. Therefore, Amendments 10 and 13 are not applicable to the value of the bonds issued. *City of Harrison* v. *Braswell*, above; *Austin* v. *Manning*, 217 Ark. 538, 231 S.W. 2d 101 (1950); *Downen* v. *McLaughlin*, 189 Ark. 827, 75 S.W. 2d 227 (1934); and *Williams* v. *Harris*, 215 Ark. 928, 224 S.W. 2d 9 (1949).

The order granting summary judgment is affirmed.