604

Adley BELL, et al. *v.* Floyd H. FULKERSON, et al.

86-238 727 S.W.2d 141

Supreme Court of Arkansas
Opinion delivered April 13, 1987

*Dan J. Kroha* and *Royce L. Lewis,* for appellant.

*House, Wallace & Jewell, P.A.,* by: *Daryl G. Raney* and *Anne Owings Wilson,* for appellee.

JOHN I. PURTLE, Justice. The appellants, who reside in Sewer Improvement District 222 (SID 222), filed suit in chancery court to enjoin the district from issuing bonds without an election. The trial court dismissed the complaint for failure to state a cause of action.

For reversal the appellants argue that the court erred in finding: (1) that SID 222's commissioners and the district did not constitute the state, a city, county, town or other municipality within the meaning of Ark. Const. of 1874, art. 16, § 1 and 2 that this constitutional provision is inapplicable to SID 222 and the bonds issued by it. Neither point is persuasive and we affirm.

The arguments for reversal are so closely related that they can be condensed into the single argument: that the trial court erred in finding that sewer improvement districts are not bound by the provisions of Ark. Const. of 1874, art. 16, §§ 1 and 2. The appellants candidly admit that all of our prior decisions have held that improvement districts are not municipalities within the meaning of Article 16. Acknowledging that almost 100 years of precedent is contrary to their position, they urge us to give "plain meaning" to the words of Article 16 as we did in *City of Hot Springs* v. *Creviston,* 288 Ark. 286, 713 S.W.2d 230 (1986), and require an election prior to the issuance of bonds. Article 16,

section 1, in part, states:

> Neither the state, nor any city, county, town or other municipality in this state, shall ever lend its credit for any purpose whatever; nor shall any county, city, town or municipality ever issue any interest-bearing evidence of indebtedness, except such bonds as may be authorized by law . . . provided that cities of the first and second class may issue by and with the consent of a majority of the qualified electors of said municipality voting on the question at an election. . . .

The appellants are correct in acknowledging that we have held many times that an improvement district is not a municipality governed by the provisions of Article 16. *City of Hot Springs* v. *Creviston*, supra, and *Fitzgerald* v. *Walker*, 55 Ark. 148, 17 S.W. 702 (1891). In *Eaton* v. *McCuen*, 273 Ark. 154, 617 S.W.2d 341 (1981), we stated: "It is settled law that Article 16 does not apply to assessments for improvement districts." Without citation of additional precedent, we again hold that an improvement district is not a municipality and is not bound by the restrictions contained in Article 16.

Even if the bonds issued by SID 222 were held to be under the restrictions of Article 16, the bonds would be valid without prior voter approval because they were issued before *Creviston* was decided. In *Creviston* this Court specifically held that bonds issued prior to that decision were not affected by it.

Based upon the well-established principle that improvement districts are not bound by the provisions of Article 16, we find that the trial court was correct in dismissing appellant's complaint for failure to state facts upon which relief could be granted.

Affirmed.

HAYS and GLAZE, JJ., not participating.