The Honorable Doyle Webb State Senator P.O. Box 1998 Benton, AR 72018-1998
Dear Senator Webb:
This is in response to your request for an opinion on the following question:
 Can a fire department formed under Act 41 of 1941 enter into a lease purchase agreement for used or new equipment?
It is my opinion that the answer to this question is, generally, "yes." The power to enter into a lease purchase agreement for equipment is, in my opinion, fairly included within those powers expressly granted under Act 41 of 1941, codified at A.C.A. § 14-92-201 et seq. (1987 and Supp. 1995). See generally Page v. Highway 10, Water Pipe Line Improv. Dist.No. 1, 201 Ark. 512, 515, 145 S.W.2d 344 (1940) (regarding an improvement district's exercise of powers "necessarily or fairly implied, or incident to the powers expressly conferred.")
Section 14-92-219 (1987) sets forth the purposes for which suburban improvement districts may be organized, and includes under subsection (8):
 [t]o establish, equip, and maintain rural fire departments, including construction of fire department buildings, purchase of fire trucks, fire boats, and other fire fighting equipment[.]
Section 14-92-220(a) (1987) provides, additionally, in relevant part that the powers of such districts include:
 . . . the authority to acquire and purchase equipment and machinery incident to the operation and maintenance of the facilities and [such districts] shall be further authorized to do any and all other actions which shall be deemed necessary in order to purchase, construct, accept as a gift, operate, and maintain any and all improvements and facilities authorized in this subchapter.
A suburban improvement district that is organized under Sections14-92-201 et seq. to establish, equip, and maintain a rural fire department thus clearly has broad authority to accomplish its purposes.See also A.C.A. § 14-92-210 (1987) (regarding the board of commissioners' power to "[m]ake and execute all contracts, leases, conveyances, and other instruments . . ." and to "[d]o all things incidental or auxiliary to the exercise of the express powers granted by this subchapter[.]") A lease purchase agreement for equipment would, in my opinion, generally fall within the district's express or implied powers.
It should perhaps also be noted, in closing, that the inclusion of an interest component in such an agreement would not, as a general matter, run afoul of the constitutional prohibition against a municipality's issuance of "any interest bearing evidences of indebtedness. . . ." Ark. Const. art. 16, § 1.[1] The Arkansas Supreme Court has historically declined to apply Article 16, Section 1, to local improvement districts.See Bell v. Fulkerson, 291 Ark. 604, 727 S.W.2d 141 (1987). According to the court, "an improvement district is not a municipality governed by the provisions of Article 16." 291 Ark. at 605. The debt limitation under Ark. Const. art. 12, § 4 (prohibiting any city or incorporated town from entering into any contract or authorizing any indebtedness "in excess of the revenue of such city or town for the current fiscal year[,]") is also inapplicable in the case of this improvement district. See generallyFitzgerald v. Walker, 55 Ark. 148, 17 S.W. 702 (1891).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Lease-purchase agreements entered into by counties and cities can be violative of art. 16, § 1 because many are not truly "lease" agreements, but are actually conditional sales contracts with interest.See, e.g., Brown v. City of Stuttgart, 312 Ark. 97, 847 S.W.2d 710
(1993); Op. Att'y Gen. 94-030.