The Honorable Curren Everett State Representative 9600 Highway 9 South Salem, AR 72576-9159
Dear Representative Everett:
I am writing in response to your request for an opinion regarding the following question:
 Pursuant to A.C.A. 14-14-708 and-709, can a subordinate service district, consisting of parts of one or two counties, be used as a mechanism for contracting with a hospital to provide 24-hour emergency care?
As Fulton County Judge, you report having received "several inquiries as to whether or not the county could subsidize an agreement with White River [Medical Center] to maintain a full time emergency care center."
RESPONSE
In my opinion, the answer to this question is "yes."
Section 14-14-708 of the Arkansas Code (Repl. 1998) provides in pertinent part:
 (a) Authority to Establish. Subordinate service districts to provide one (1) or more of the services authorized to be provided by county governments may be established, operated, altered, combined, enlarged, reduced, or abolished by the county quorum court by ordinance. *Page 2 
 (b) Area Served. A subordinate service district may include all, or any part, of the jurisdictional areas of county government. Two (2) or more county governments may create a joint subordinate service district by interlocal agreement.
 (c) Purposes of District. A subordinate service district is defined as a county service organization established to provide one (1) or more county services or additions to county services and financed from revenues secured from within the designated service area through the levy and collection of service charges. These districts may be created for the following purposes:
 (1) Emergency services, including ambulance services, civil defense services, and fire prevention and protection services;
 (2) Solid waste services, including recycling services, and solid waste collection and disposal services;
 (3) Water, sewer, and other utility services, including sanitary and storm sewers and sewage treatment services, water supply and distribution services, water course, drainage, irrigation, and flood control services;
 (4) Transportation services, including roads, bridges, airports and aviation services, ferries, wharves, docks, and other marine services, parking services, and public transportation services.
(Emphasis added.)
I should note at the outset that the provision of emergency medical services, whether directly or by contract, clearly falls within the powers of a county government. See Ark. Const. amend. 55, § 1 ("A county acting through its Quorum Court may exercise local legislative authority not denied by the Constitution or by law."); A.C.A. § 14-14-802(b)(2)(D) (Repl. 1998). I will further note that a subordinate service district, as the term "subordinate" suggests, is an arm of the county and may effect its public purposes by contract on behalf of the county. As one of my predecessors observed in Op. Att'y Gen. No. 87-332: *Page 3 
 [A]subordinate improvement district is not a corporate body separate and distinct from county government. Rather, it is a "service organization" administered "directly as a part of the office of the county judge, as a part of a department with or without an advisory or administrative board, or as a separate department with or without an advisory or administrative board." 17-4109(10)(a). . . . [I]t may be presumed that contracts in this regard are entered into on behalf of the county either through the county judge or an administrative board.
Cf. Eaton Roberts v. McCuen, 273 Ark 154, 155, 617 S.W.2d 341 (1981) (characterizing the collection of solid waste through a subordinate service district as serving a "public purpose" on behalf of the county as authorized by implication in Amendment 55, which defines the powers of county government).
In reviewing the provisions of A.C.A. § 14-14-708, I am struck by the fact that the highlighted portion of subsection (c)(1) expressly authorizes a subordinate service district to provide "emergency services" on behalf of the county. In my opinion, the provision of what you characterize as "24 hour emergency care" clearly falls within the statutory category of "emergency services." Accordingly, I believe one or more counties could establish a subordinate service district and contract with an emergency care center to provide service within the boundaries of the district.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
 DUSTIN McDANIEL, Attorney General *Page 1